**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. ROJO,

    Petitioner,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, Warden,

    Respondent.

                                         /

No. C 14-5098 NC (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

James E. Rojo, a prisoner at the Richard J. Donovan Correctional Facility, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.[1] Petitioner's motion to proceed in forma pauperis is GRANTED. For the reasons stated below, Petitioner's federal habeas petition is DISMISSED.

## DISCUSSION

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1] Petitioner consented to magistrate judge jurisdiction on November 28, 2014.

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

**B.     Legal Claims**

Petitioner claims that when he was moved to the Richard J. Donovan facility in San Diego, California, his property was taken. Petitioner alleges that the taking of his property violated his rights to due process, equal protection, and the right against against unreasonable searches and seizures. However, the petition does not attempt to challenge either Petitioner's conviction or the length of his sentence. In other words, success in this action would not result in Petitioner's release or any change in his sentence. Where, as here, a successful challenge to a prison condition or to action by an outside party will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement).

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement or some other condition that he contends violates his constitutional rights as pleading civil rights claims under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is

doubt whether the prisoner is willing to pay the civil action filing fee of $400.00 rather than the $5.00 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a matter of using different pleading forms. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

Petitioner is advised that these claims should be brought, if at all, in a federal civil rights action, pursuant to 42 U.S.C. § 1983. Moreover, because Petitioner's claims occurred at the Richard J. Donovan facility, his action should be filed in the Southern District of California.

## CONCLUSION

For the foregoing reasons, this petition is DISMISSED with prejudice. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:       January 8, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge